**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory C. Gooslin, | ) No. CV-11-1618-PHX-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| OneWest Bank, | ) |
| Defendant. | ) |

The court has before it defendant OneWest Bank's motion to dismiss (doc. 5), plaintiff's response (doc. 12), and the Bank's reply (doc. 13).

Plaintiff received a $2,478,000 loan from IndyMac Bank in 2006, and signed a promissory note and deed of trust, which were recorded against real property located in Phoenix, Arizona. Plaintiff subsequently defaulted on the loan. Plaintiff alleges that he had several communications with IndyMac, regarding a potential loan modification or short sale. At some point, OneWest became the successor in interest to IndyMac, and plaintiff continued the negotiations for a loan modification or short sale with OneWest. In May 2011, OneWest informed plaintiff that the short sale and loan modification were not approved. The property was sold at a trustee's sale on May 17, 2011. OneWest purchased the property through a credit bid. Plaintiff made no effort to enjoin the trustee's sale. Instead, he filed this complaint against OneWest alleging claims for "Damages" in Count 1, and "Setting Aside

1   of Trustee's Sale" in Count 2.

2   OneWest now moves to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ.
3   P., alleging that plaintiff has failed to plead any facts or legal elements in support of an
4   identifiable claim for relief as required under Rule 8, Fed. R. Civ. P. OneWest also contends
5   that plaintiff has waived all defenses and objections to the trustee's sale under A.R.S. § 33-
6   811(C) by failing to obtain injunctive relief to stop the sale.

7   In Count 1, plaintiff alleges that he will suffer significant damages as a result of
8   "OneWest's last minute change of mind concerning the short sale." Compl. ¶ 29. A claim
9   for "damages," however, is not a cause of action, but is a legal remedy, dependent on the
10  success of a cognizable cause of action. Count 1 is dismissed for failure to state a claim.

11  Plaintiff asserts in Count 2 a claim for "Setting Aside of Trustee's Sale." He asks the
12  court to set aside the trustee's sale and "enforce OneWest's agreement concerning a short
13  sale." Compl. ¶ 31. There is no identifiable cause of action called "setting aside of trustee's
14  sale." It appears that plaintiff may be alleging that he relied on OneWest's representations
15  that it would accept a short sale, but in his response to the motion to dismiss he argues that
16  the trustee's sale is void because OneWest had no legal interest in the deed of trust at the
17  time of the sale. These allegations, however, are not presented in the complaint. Plaintiff
18  cannot add new legal claims and factual allegations to his complaint by way of arguments
19  in a response to a motion to dismiss. In any event, plaintiff's argument that OneWest did not
20  have authority to conduct the trustee's sale is precluded by his affirmative representation in
21  his complaint that "OneWest became the successor in interest to IndyMac." Compl. ¶ 10.

22  Finally, A.R.S. § 33-811(C) requires a property owner to assert any objections to and
23  obtain injunctive relief from the trustee's sale prior to such sale or risk losing his right to
24  object. See also Spielman v. Katz, No. CV 10-0184, 2010 WL 4038838, at *3 (D. Ariz. Oct.
25  14, 2010). Plaintiff's argument that he relied on OneWest's alleged representations about
26  a short sale has been waived by his failure to obtain an injunction prior to the sale of the
27  property. A.R.S. § 33-811(C). Therefore, Count 2 is also dismissed for failure to state a
28  claim.

1 **IT IS ORDERED GRANTING** OneWest's motion to dismiss (doc. 5). The clerk shall enter final judgment.

DATED this 29th day of September, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge